```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
                                                            :   Master File No. 12-md-2331 (BMC)(PK)
IN RE: PROPECIA (FINASTERIDE)                               :
PRODUCTS LIABILITY LITIGATION                               :   This case relates to:
                                                            :   13-cv-1245 (BMC)(PK)
                                                            :
----------------------------------------------------------- X
JAY WISE,                                                   :
                                                            :
                        Plaintiff,                          :
                                                            :
             - against -                                    :
                                                            :   **MEMORANDUM DECISION AND**
                                                            :   **ORDER**
MERCK & CO., INC., MERCK SHARP &                            :
DOHME CORP., and NW DERMATOLOGY                             :
AND RESEARCH CENTER, LLC,                                   :   13-cv-1245 (BMC)(PK)
                                                            :
                        Defendants.                         :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

The motion of defendant NW Dermatology and Research Center, LLC is disposed of as follows:

1.   Defendant has failed to establish the absence of material facts concerning the statute of limitations. First, defendant blithely asserts in its reply memorandum that since plaintiff stopped taking Propecia (or Proscar, it is not clear which) on August 15, 2007, his cause of action arose then, and, therefore, subsection (2)(b) of Or. Rev. Stat. 30.905, which could extend the statute of repose beyond 10 years, does not apply. That is simply a misstatement of Oregon law, which provides a discovery rule for the accrual of products liability claims. See Or. Rev. Stat. 30.905(1). Thus, plaintiff's claim did not arise when he stopped taking the drug; it arose when he knew or should have learned of his injury from the drug. No one has told me

when that was, but it at least creates the possibility that Or. Rev. Stat. 30.905(2)(b) allows a longer than 10-year statute of repose.

2. I agree with defendant that, since it is common ground that New Jersey has no statute of repose for products liability claims, we might end up reverting back to Oregon's 10-year period. The Oregon statute does not mean, as plaintiff contends, that that if there is no foreign statute of repose, then no time bar applies at all, including Oregon's statute of repose. However, I disagree with defendant's assertion that if the drug was manufactured or imported into a state with a longer statute of repose, plaintiff must prove that fact now. Defendant essentially argues that it is somehow plaintiff's burden on defendant's motion for summary judgment to show that the drug was not manufactured in or imported to a state with a longer repose period. It is defendant's motion. It is defendant's affirmative defense. It is defendant's burden. And it is one that defendant cannot satisfy absent discovery.

3. In addition, once that issue gets sorted out, I will expect better briefing on how a course of drug therapy applies under the Oregon statute of repose. Without accepting plaintiff's argument at this point, it is a valid observation that the "product" as defined by the statute is not necessarily the first pill that plaintiff purchased because that pill, standing alone, in all likelihood caused him no injury. No one contends that one Propecia pill is a defective product. It is not arsenic. A course of drug therapy is not like a truck part that fails ten years after purchase, or an intrauterine device that causes injury decades later. On the other hand, defendant's point is also not without force that it may not be the last pill that he took that triggers the statute of repose. However, defendant's reason – that this would reduce the effectiveness of the statute of repose – is not persuasive. Rather, what makes the last pill an unlikely candidate is the same thing that makes the first pill an unlikely candidate – it was in all likelihood not that first pill that caused

the injury, either. Moreover, the interruption in plaintiff's treatment, and what seems to be the increase in dosage by 500% at some point in his treatment (Propecia to Proscar), further complicates the definition of what is the "product" under the Oregon statute and when that "product" was first purchased. Somehow, the Court has to find a way to incorporate a course of drug treatment – not a single dosage – into the Oregon statute, and the parties have been of no assistance in addressing that question beyond stating their preferred conclusion.

4. In this connection, there are many other sources to which both sides could have directed me, but did not. Oregon is not the only state with a statute of repose tied to "first purchase." Although there seems to be a paucity of cases dealing with a continuing course of drug therapy, there may be equally useful analogies in the area of continuing exposure to environmental toxins in the workplace, e.g., asbestos. In addition, there is quite a bit of authority in other "repose states" on the issue of changes to the product as potentially restarting the "first purchase" requirement of the applicable statute to which the parties could have directed me. After discovery, whoever wants to prevail on a motion will be expected to submit more substantive argument than I have received thus far.

5. As for defendant's reliance on Or. Rev. Stat. 30.902, I am going to accede to plaintiff's argument and deny the motion based on plaintiff's lack of an opportunity for discovery. As a technical matter, plaintiff does not have to accept Dr. Roberts' averments without discovery. But I am going to modify the stay of discovery for this case only to give plaintiff what he wants, and he should be careful what he has wished for. What plaintiff is effectively saying, without a shred of circumstantial evidence to support it, is that Dr. Roberts has submitted a false affidavit that could land her in federal prison for five years. That is always possible, but plaintiff has potential responsibility for making so serious an accusation. Nowhere

is this more evident than plaintiff's rather technical refusal to admit that Dr. Roberts is the sole practitioner of NW Dermatology, as she avers. Particularly considering the emphasis on proportionality and the ability to allocate discovery costs for unnecessary discovery under the amended Federal Rules of Civil Procedure, plaintiff's counsel should be aware that if this discovery does not expose some material misstatement in defendant's submission, the Court may subsequently determine to shift some or all of the attorneys' fees and costs that defendant has incurred in responding to that discovery to plaintiff's counsel. Plaintiff's counsel has to decide, in light of the protection given to physicians for product liability claims under Oregon law, whether this claim is worth undertaking the discovery that he has requested with the attendant risk of cost re-allocation.

6. Accordingly, if plaintiff is so inclined to proceed, he may serve within 7 days a document request upon defendant limited to the following issues: (1) Dr. Roberts relationship and communications with Merck to the extent they involved Propecia, including documents Dr. Roberts received from Merck concerning Propecia and describing her role concerning Propecia; and (2) records sufficient to show whether Dr. Roberts is the sole practitioner at defendant. Following production of these documents, plaintiff will be permitted to take Dr. Roberts' deposition within 14 days.

7. Defendant's motion for summary judgment is denied without prejudice to renewal upon the completion of discovery and further briefing on the legal issues raised by this motion.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 24, 2016